UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 11-40501 |
| | ) | Chapter 7 |
| KENT A. VUCUREVICH | ) | |
| SSN/ITIN xxx-xx-7380 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| TED THOMS | ) | Adv. No. 12-4003 |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | DECISION RE:  DEBTOR-DEFENDANT'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| KENT A. VUCUREVICH | ) | |
| | ) | |
| Defendant. | ) | |

The matter before the Court is Debtor-Defendant Kent A. Vucurevich's Motion
for Summary Judgment.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  The
Court enters these findings and conclusions pursuant to Fed.R.Bankr.P. 7052.  For the
reasons discussed below, the Court will deny the motion.

I.

Ted Thoms ("Thoms") and several other creditors filed an involuntary petition
for relief under chapter 7 of the bankruptcy code against Kent A. Vucurevich
("Debtor").  Debtor did not challenge the petition, and the Court entered an order for
relief.

Thoms timely filed a complaint under 11 U.S.C. § 727(a)(3), (a)(4), and (a)(5)
seeking a denial of Debtor's general discharge of debts (doc. 1), and Debtor timely
answered (doc. 8).  Following a pre-trial conference, the Court set deadlines for
completing discovery and filing dispositive motions.

Debtor timely filed a motion for summary judgment (doc. 22).  In his brief in
support of his motion (doc. 22-3), Debtor argued a mutual settlement and release
("release") he and Thoms entered into shortly before Thoms and the other petitioning

creditors filed the involuntary petition for relief precludes Thoms from commencing the instant adversary proceeding.

Thoms timely filed an objection to Debtor's motion for summary judgment (doc. 24).[1]  In his brief in support of his objection (doc. 24-1), Thoms argued the release "does not protect [Debtor] from collection actions or from his subsequent fraud and violations of law."  Thoms cited S.D.C.L. § 53-9-3 in support of his argument.

The Court took the matter under advisement.

## II.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a).  An issue of material fact is *genuine* if it has a real basis in the record.  *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (quotes therein).  A genuine issue of fact is *material* if it might affect the outcome of the case.  *Id.* (quotes therein).

The matter must be viewed in the light most favorable to the party opposing the motion.  *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997).  Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult. *Cf. Amerinet, Inc. v. Xerox Corp.,* 972 F.2d 1483, 1490 (8th Cir. 1992) (citation omitted).

The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out that part of the record that bears out his assertion.  *Handeen v. Lemaire*, 112 F.3d 1339, 1346 (8th Cir. 1997) (quoting therein

---

[1]  Contrary to the Court's scheduling order (doc. 23) and Bankr. D.S.D. R. 7056-1(a)(2), Thoms filed a statement of material facts in support of his objection to Debtor's motion for summary judgment (doc. 24-2), not a statement of material facts in dispute.

*City of Mt. Pleasant, Iowa v. Associated Electric Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988)). No defense to an insufficient showing is required. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970) (citation therein); *Handeen*, 112 F.3d at 1346.

If the movant meets his burden, however, the nonmovant, to defeat the motion, "must advance specific facts to create a genuine issue of material fact for trial." *Bell*, 106 F.3d at 263 (quoting *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 64 F.3d 1202, 1211 (8th Cir. 1995)). The nonmovant must do more than show there is some metaphysical doubt; he must show he will be able to put on admissible evidence at trial proving his allegations. *Bell*, 106 F.3d at 263 (citing *Kiemele v. Soo Line R.R. Co.*, 93 F.3d 472, 474 (8th Cir. 1996), and *JRT, Inc. v. TCBY Systems, Inc.*, 52 F.3d 734, 737 (8th Cir. 1995)).

III.

The particular provisions of the release on which Debtor relies provide in full:[2]

> 4. <u>Mutual Release</u>. Assuming all of the terms and conditions of this Release are honored and all duties and obligations set forth herein are duly discharged, the parties, for themselves and for their respective ancestors, descendants, heirs, legal representatives, successors, affiliates, agents, guarantors and assigns, hereby unconditionally and irrevocably release and forever discharge one another, together with their respective ancestors, descendants, heirs, legal representatives, successors, affiliates, agents, guarantors and assigns, from and with respect to any and all actions, causes of action, claims, demands, damages, debts, obligations and liabilities of every kind and nature whatsoever, now known as well as unknown, anticipated as well as unanticipated, and foreseen as well as unforeseen, arising in any manner whatsoever between the parties including, by way of example and not by way of limitations, those in connection with the Agreement. It is specifically understood and agreed by the parties that this Release is intended as a

---

[2] Debtor did not set forth the whole of these sections in his brief, but he did include the entire release as an attachment to his affidavit in support of his motion for summary judgment (doc. 22-1, Exhibit "A").

-3-

universal and omnibus settlement of all [claims] between the parties, and that any claims not specifically addressed herein are deemed forever waived.

5.    Grant of Covenants Not to Sue.  Assuming all of the terms and conditions of this Release are honored and all duties and obligations set forth herein are duly discharged:

(a)    Thoms, for himself and for his heirs, legal representatives, successors, agents, guarantors and assigns, hereby grants to Vucurevich and his heirs, legal representatives, successors, agents, guarantors and assigns, an unconditional and irrevocable worldwide covenant not to sue for any and all actions, causes of action, claims, demands, damages, debts, obligations and liabilities of every kind and nature whatsoever, now known as well as unknown, anticipated as well as unanticipated, and foreseen as well as unforeseen, arising in any manner whatsoever between the parties including, by way of example and not by way of limitation, those in connection with the Agreement.

Debtor offers no authority in support of the proposition that such a release extends to future acts.  Indeed, S.D.C.L. § 53-9-3 strongly suggests otherwise.[3]  However, assuming *arguendo* the broad terms of ¶¶ 4 and 5(a) of the release might otherwise be found to preclude Thoms from commencing the instant adversary proceeding, which as noted above is premised on Debtor's alleged violations of 11 U.S.C. § 727(a)(3), (a)(4), and (a)(5), the Court finds those terms are contrary to public policy and cannot be enforced.

Courts have long held a pre-petition agreement in which a debtor waives the benefits conferred by title 11 is void.  *Hayhoe v. Cole* (*In re Cole*), 226 B.R. 647, 651-52, 652 ns.6 & 7 (B.A.P. 9th Cir. 1998) (citations therein); *Sandia Laboratory Fed. Credit Union v. Torrez* (*In re Torrez*), 415 B.R. 842, 846 n.2 (Bankr. D.N.M. 2009);

_____

[3]  That statute provides:  "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud or willful injury to the person or property of another or from violation of law whether willful or negligent, are against the policy of the law."  S.D.C.L. § 53-9-3.

*Spyke, Inc. v. Zufall* (*In re Zufall*), Bankr. No. 05-50693, Adv. No. 06-5005, 2007 WL 601568, at *4 (Bankr. D.S.D. Feb. 21, 2007) (citations therein); *In re Tru Block Concrete Products, Inc*., 27 B.R. 486, 492 (Bankr. Cal. 1983).  Courts have likewise held parties cannot "contract around" the essential provisions of the bankruptcy code. *Continental Ins. Co. v. Thorpe Insulation Co.* (*In re Thorpe Insulation Co*.), 671 F.3d 1011, 1026-27 (9th Cir. 2012) (a chapter 11 debtor could not, in a pre-petition agreement, contract away its right to the protections afforded by 11 U.S.C. § 524(g)); *Rupp v. Holling* (*In re Holling*), Bankr. No. 05-38322, Adv. No. 06-2509, 2007 WL 2964505, at *4-5 (Bankr. D. Utah Feb. 8, 2007) (pre-petition lease between a chapter 7 debtor and a creditor could not bind the estate under 11 U.S.C. § 365(e)(1) on issue of whether the creditor's claim arose pre- or post-petition); *Hester v. Daniel* (*In re Daniel*), 290 B.R. 914, 919-23 (Bankr. M.D. Ga. 2003) (pre-petition divorce agreement in which a chapter 7 debtor agreed not to list her husband as a creditor or seek to discharge his claims was not enforceable); *In re Pease*, 195 B.R. 431 (Bankr. D. Neb. 1996) (pre-petition agreement between a chapter 11 debtor and a creditor prohibiting the debtor from resisting a post-petition motion for relief from stay was unenforceable); *In re Madison*, 184 B.R. 686, 690 (Bankr. E.D. Pa. 1995); *see Hedback v. American Family Mutual Ins. Co.* (*In re Mathews*), 207 B.R. 631 (Bankr. D. Minn. 1997) (for public policy reasons surrounding both insurance coverage and bankruptcy, a pre-petition agreement between a debtor and her insurance company was unenforceable).

The provisions of § 727(a) are intended to prevent an undeserving debtor from receiving a discharge of his debts. *Mungenast v. Darr* (*In re Darr*), 472 B.R. 888, 893 (Bankr. E.D. Mo. 2012).  Those provisions protect and benefit all creditors.  More importantly, however, they help ensure and safeguard the integrity of the entire

bankruptcy system. *Bailey v. Whitehead* (*In re Whitehead*), 483 B.R. 902, 905 n.2 (Bankr. E.D. Ark. 2012); *Bernhardt v. Radloff* (*In re Radloff*), 418 B.R. 316, 321 (Bankr. D. Minn. 2009).

Bankruptcy is in large part a "self-reporting" process: The debtor prepares schedules and statements that identify his assets and liabilities and appears at a meeting of creditors to testify under oath regarding those assets and liabilities. *See In re Brad Charles Fisher*, Bankr. No. 07-61338-11, 2008 WL 1775123, at *11 (Bankr. D. Mont. Apr. 15, 2008). If the chapter 7 trustee cannot rely on this information provided by the debtor, she is hampered in carrying out her statutory duty to collect and liquidate the debtor's property and distribute the proceeds to the debtor's creditors, case administration costs rise, and creditors are delayed in obtaining any recovery. *See Kaler v. Charles* (*In re Charles*), Bankr. No. 10-31028, Adv. No. 11-7008, 2012 WL 486524, at *8 (Bankr. D.N.D. Feb. 14, 2012) (citations therein). For that reason, a debtor cannot conceal, destroy, or fail to keep or preserve sufficient records from which his financial condition or business transactions might be reasonably ascertained, knowingly make a false oath or misleading statement at his § 341 meeting of creditors or in his schedules and statement of financial affairs, or fail to explain satisfactorily a loss or deficiency of assets. *See* 11 U.S.C. § 727(a)(3), (a)(4), (a)(5); *Charles*, 2012 WL 486524, at *8; *In re Keeley and Grabanski Land P'ship*, 460 B.R. 520, 541-42 (Bankr. D.N.D. Oct. 11, 2011) (citations therein); *Bear Rock Franchise Systems, Inc. v. Hedlund* (*In re Hedlund*), Bankr. No. 09-40415, Adv. No. 09-4043, 2010 WL 2306672, at *2-3 (Bankr. D. Neb. 2010). Enforcing an agreement that would effectively preempt § 727(a) and shield a debtor from the consequences of the actions proscribed by that section would thus seriously undermine the integrity of the bankruptcy process itself.

Consequently, to the extent the broad terms of ¶¶ 4 and 5(a) of the parties' release might otherwise be found to preclude Thoms from commencing the instant adversary proceeding, the Court finds those terms are contrary to public policy and cannot be enforced.  An order will therefore be entered denying Debtor's motion for summary judgment.[4]

Dated:  February 25, 2013.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

---

[4]    Debtor has not argued anything in the release or Debtor's subsequent confession of judgment in state court has a preclusive effect on the issues raised within Thoms's denial of discharge complaint.  *Lovell v. Mixon,* 719 F.2d 1373 (8th Cir. 1983) (collateral estoppel may apply in bankruptcy denial of discharge actions); *see also Gall v. South Branch Nat. Bank of South Dakota*, 783 F.2d 125, 127-28 (8th Cir. 1986) (collateral estoppel does not apply where the issues sought to be precluded in the subsequent proceeding were determined in a stipulation or judgment by consent); *but see Town & Country Credit Union v. Honcharenko* (*In re Honcharenko*), Bankr. No. 99-30607, Adv. No. 99-7054, 1999 WL 33520532, at *3 (Bankr. D.N.D. Nov. 24, 1999) (an exception to the rule in *Gall* may be made if the consent judgment incorporates findings of fact underlying the judgment indicating the issues are the same and were actually litigated).  The Court notes, however, the issues raised by Thoms in his complaint under § 727(a)(3) regarding Debtor's records and under § 727(a)(5) regarding Debtor's failure to satisfactorily explain a loss or deficiency of assets were not addressed in the parties' release or Debtor's confession of judgment.  Moreover, Thoms's allegations under § 727(a)(4) regarding falsities in Debtor's testimony at the meeting of creditors and his schedules and statements could not have been previously litigated by the parties because the complained-of wrongs are a product of Debtor's subsequent bankruptcy case.